UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NETEXIT, INC., *et al.*, f/k/a | ) | Case No. 04-11321 (JLP) |
| EXPANETS, INC., *et al.*, | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |
| NETEXIT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 05-50388 (JLP) |
| | ) | |
| THE COMPTROLLER OF THE CITY | ) | Re: Docket No. 4 |
| OF NEW YORK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION DENYING DEBTOR'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION STAYING
PETITION BEFORE OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS[1]**

Upon consideration of Netexit, Inc.'s ("Netexit" or the "Debtor") motion for a temporary restraining order and preliminary injunction pursuant to sections 105 and 362 of the Bankruptcy Code[2] staying a petition before the Office of Administrative Trials and Hearing s by the Comptroller of the City of New York (the "Comptroller") [Docket Nos. 4, 5 and 14] (the "Motion"); the Comptroller's response thereto [Docket Nos. 11, 12 and 15]; oral argument having been heard at the March 8, 2005 hearing; and after due deliberation; the Court concludes

---

[1] This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

[2] Unless otherwise indicated, all citations to statutory sections are to the Bankruptcy Code (the "Code"), 11 U.S.C. § 101 *et seq.*

that the Motion will be denied.

## BACKGROUND

On May 4, 2004, each of the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On December 29, 2004, the Comptroller filed a proof of claim in the Debtors' bankruptcy cases (proof of claim no. 253) (the "Claim"). On January 26, 2005, the Comptroller filed a Notice of Hearing and Petition (the "Petition"), LL Case No. 20021215, before the Office of Administrative Trials and Hearings ("OATH"), alleging violations of New York State Labor Laws.

The Petition alleges that: (i) Expanets (now Netexit) performed work on a contract with the City of New York, Human Resources Administration contract number: 2002001339 (the "Contract"); and (ii) Expanets willfully violated New York State Labor Law by failing to pay certain workers prevailing wages and bona fide wage supplements, and failed to produce original books and records with respect to the wages and supplements actually paid to these workers. The Petition thus seeks findings that Netexit: (i) willfully violated § 220(3) of New York State Labor Law by failing to pay the wages and supplements provided on the Contract; (ii) should be placed on probation for five years pursuant to § 220-b(3)(b); (iii) should be assessed interest at the state statutory rate of sixteen percent (16%) per annum from the date of underpayment; and (iv) should be assessed a twenty-five percent (25%) civil penalty. The Petition requests damages of $2,630,054.90, which is the same amount the Comptroller seeks to recover in its Claim.

The Debtors move this Court for a temporary restraining order and preliminary injunction staying the Petition before OATH. The Debtors instead wish to resolve the Comptroller's claim as part of the claims resolution process before the Bankruptcy Court.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 cases and this Motion are proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## DISCUSSION

Rule 65 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7065, governs the issuance of a temporary restraining order and preliminary injunction.

> In deciding whether to grant a preliminary injunction the court must consider the following: "(1) the likelihood that the plaintiff will prevail on the merits at a final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is granted; and (4) the public interest."

*In re American Film Technologies, Inc.*, 175 B.R. 847, 849 (Bankr. D. Del. 1994) (citations omitted). The Debtors argue that "continued prosecution of the Petition will force Netexit to litigate the Comptroller's Claims in two separate fora, potentially resulting in completely inconsistent results, while burdening the Debtors' substantively consolidated estate with additional and unnecessary expenses." (Motion, p. 9).

The crux of the Debtors' argument is that the Comptroller waived sovereign immunity by filing a proof of claim in the bankruptcy case. *See, e.g., Int'l Finance Corp. v. Kaiser Group Int'l Inc. (In re Kaiser Group Int'l Inc.)*, 399 F.3d 558, 565 (3d Cir. 2005). Debtors point to section 106(b), which provides:

> A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental

3

unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

11 U.S.C. § 106(b). Debtors assert that the Comptroller waived sovereign immunity, and thus the ability to proceed in the state court venue, by attempting to prosecute duplicative proceedings (the Claim and Petition) that involve identical facts arising out of the same transaction or occurrence. *Kaiser*, 399 at 565.

The Debtors' argument, however, fails to distinguish between sovereign immunity and subject matter jurisdiction. Sovereign immunity is an affirmative defense that may prevent the exercise of federal jurisdiction, but does not deprive the court of federal jurisdiction. *In re Burlington Motor Holdings, Inc.*, 242 B.R. 156, 159 (Bankr. D. Del. 1999). Subject matter jurisdiction, on the other hand, is non-waivable, and therefore "courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003).

Here, the Bankruptcy Court does not have subject matter jurisdiction to adjudicate the Comptroller's New York State Labor Law claim. Under New York State Labor Law, the Comptroller is responsible for enforcing prevailing wage requirements for New York City public works contracts.[3] 28 U.S.C. § 1452 provides that civil actions initiated by a governmental unit, such as the Comptroller, may be removed to the bankruptcy court unless the civil action is a proceeding "to enforce such governmental unit's police or regulatory power."[4] 28 U.S.C. §

---

[3] *See* NY CLS Labor §§ 220, 230 and 231; NYC Admin. Code §§ 6-109 and 19-142.

[4] Likewise, section 362 provides for the automatic stay of civil actions upon the filing of a petition for bankruptcy, except for actions to enforce a "governmental unit's or organization's police and regulatory power." 11 U.S.C. § 362(b)(4).

4

1452(a). The Comptroller's Petition seeks to enforce the Comptroller's police or regulatory power, namely, to protect legitimate businesses from unfair competition. *In re Ngan Gung Restaurant, Inc.*, 183 B.R. 689, 691-92 (Bankr. S.D. N.Y. 1995) (interpreting the effect of section 362(b)(4) on actions to enforce state labor laws). The Comptroller's Petition does not seek merely to adjudicate private rights or advance the government's pecuniary interest. *See id.* Instead, the Petition is intended to enforce the state's public policy interests in preventing unfair competition. The fact that the Debtors are no longer in business is irrelevant because the State still has a public policy interest in enforcing its labor laws. *See In re Travacom Communications, Inc.*, 300 B.R. 635, 638 (Bankr. W.D. Pa. 2003). Finally, the fact that the relevant employees may have a private right of action against the Debtors does not divest the state of its police or regulatory interest. *Ngan Gung Restaurant*, 183 B.R. 691-92.

The Debtors' nevertheless argue that the Comptroller subjected itself to this Court's exclusive jurisdiction by filing the Claim, acting as a creditor of the estate and attempting to force Debtors to pay money to the agency. However, the Claim served only to preserve the Comptroller's alleged claim against the estate. The Comptroller had to file the Claim, especially since this is a liquidating chapter 11.[5] As noted above, the Bankruptcy Court simply does not have subject matter jurisdiction to adjudicate the state labor law issues underlying the Claim. As such, the Claim should be liquidated before OATH and then brought to the Bankruptcy Court for enforcement, if necessary.

The issuance of a preliminary injunction is inappropriate in the present case because: (1)

---

[5] On November 25, 2003 (pre-petition), the Debtors sold substantially all of its assets to Avaya, Inc. As such, the Debtors are no longer operating businesses or generating any revenue.

the Debtors are unlikely to succeed on the merits since this Court does not have subject matter jurisdiction to adjudicate the New York State Labor Law claims; (2) the Debtors will not be irreparably harmed by proceeding before OATH, especially since they must liquidate the claims in order to proceed with distributing assets of the estate to all creditors; (3) the Comptroller would suffer harm if it were unable to enforce its public policy of preventing unfair competition; and (4) the public interest is served in seeing the assets of the estate distributed in a timely manner.

## CONCLUSION

For the reasons set forth above, the Motion is denied. A separate order shall enter.

Dated: May 11, 2005

Honorable John L. Peterson
United States Bankruptcy Judge